My name is Attorney Navee Ayad, Attorney for the Appellants. I'm taking 13 on direct and 7 on rebuttal this morning. Thank you, Your Honor. Your Honor, I pretty much had everything to say that we filed in our briefs. I won't burden the Court to reiterate what we already said in our briefs. But I just beg the Court to take appreciation of the significance of the issues at play here, the important constitutional issues that are at play here in this day and age, where we see the importance of transparency, we see the importance for the people's voice to be heard, the importance of the people exercising their constitutional rights. I reiterate, as I did in our brief, that the judge relied on cases that simply either were not on point or have been made much more clear in the later cases that come about as to the FTCA claim. Can I ask you about that? Did you ever exhaust against Eaton and Fitzgerald? In other words, did you ever file an administrative claim with the agency against them? Because I couldn't find it. I was just trying to track it down. Your Honor, I believe we did. After the judge dismissed, once they were deputized as federal agents, the judge... That would have been in May of 2018, you would have done it? After the amended complaint? Because remember, you amend in May of 2018. You have a timeline that was very helpful. Yes. And it's at page 281. You amend on May 4th. Correct, Your Honor. And then the certification occurs on May 8th. And so did you exhaust thereafter? Maybe that's why I missed it. On October 3rd, 2008, the family filed the FTCA administrative claim. Then on February 1st of 2019... But the administrative claim in October... You should correct me if I'm wrong, because you know the record better than me. I thought that was against Quinn. Am I wrong? Because what happens is you file... Or not, October of 2018. You file the complaint April 6th. You then seek exhaustion against Quinn April 25th. I'm looking at your timeline. Yes, that is correct, Your Honor. And then they certify... I wrote this in, it's not in your timeline. On October 13th of 2017, after you've already sought exhaustion, and then February 1st, they deny the administrative claim. Of the estate, that is correct, Your Honor. Yes, so all I'm trying to understand is where did it happen against Eaton and Fitzgerald? And if it didn't, at least as to them, does that deprive us of jurisdiction? So it's two questions. I'm sorry to do that. That is correct, Your Honor. If we did not end up filing an FTCA claim against Eaton and Fitzgerald after they were deputized, that would be correct, Your Honor. It would deprive you of jurisdiction as to Eaton and Fitzgerald. So did you file an administrative claim against Eaton and Fitzgerald? You can say you don't know, or yes or no. Yes, Your Honor. It should be an easy fundamental question, but there was such hard litigation in this case, I honestly cannot stand here before I tell you. I'm pretty 98% correct that we did file against Eaton and Fitzgerald after they were certified as officers. That's when they were dismissed. We had the savings clause went back and filed the FTCA claim against Eaton and Fitzgerald. We don't have to belabor this, but then can you do us a favor so you don't have to waste your time on this by Friday, maybe? Just file the copy, if that's okay with you. Absolutely, Your Honor. Okay. Is that all right, Judge Moore? Oh, sure. And I apologize for... No, that's okay. To be honest, it took me a while to try and track that down and figure it out. I remember sitting in the chair position telling the judge that now that they've been certified, I believe the government then moved to dismiss, then we went and used the savings clause to bring back the suit against Eaton and Fitzgerald. And that's it. As to Quinn, and let's go back to Quinn, because he's the main player here, at least as I understand it, you file a complaint, tell me if I'm wrong again, April 6th. And you try to exhaust April 25th, so only 20 days later. As of... We try to exhaust the estate file of the FTCA, correct? Right, the administrative claim. Yes, Your Honor. As to Quinn. Yes. And so I guess my question is, in your brief before us on page 11, you talk about, and this is particular to Eaton and Fitzgerald, you say, we didn't know they were part of the task force, but you assert they were acting under the color of state law, that they were part of the task force in your initial complaint. And then as to Quinn, he was an ICE agent, so you go through and you have maybe a little more detailed allegations as to him, but your complaint seems to indicate you thought they were acting under the color of federal law, that they were part of the marshal task force, and in paragraph 15 you say they acted under federal law. So how am I to interpret those things? Yes, Your Honor. First, when I received the case, I received it from prior counsel that sat on it for some time. We had to move quickly to do all of this. But to answer your question, Your Honor, no, we really did not know that Fitzgerald and Eaton were actually deputized federal agents. In fact, it was called Detroit Fugitive Apprehension Unit. I had no idea that it was. We knew that there was county sheriffs, Oakland Council, Livonia Police, different agencies throughout there that were at work, but we didn't know who actually was deputized or not deputized. And the wisdom of the FTCA, that's exactly why they have the savings clause. I even think, to help you out on that, I think you said at some point state and or federal law, right? I thought, maybe I'm doing it from memory. Yes, yes. No, we weren't at that time. We didn't know who and who was not deputized, Your Honor, because, again, we didn't have the discovery at that time. For all intents and purposes, this was the Detroit Police. Why as to Quinn in particular did you seek exhaustion before you got the certification? Or did you know as to him because he was an ICE agent? When, again, because of the time restraints, we ended up filing the complaint then before the two-year statute of limitations was done on the FTCA claim. We went ahead and filed the FTCA claim on April 7th. 25th. Yes. I have 25th, but you could be right. Yes, it was four days before the dawn of the two-year statute of limitations. Then why did you not follow the government's proposed? I think Ms. Urbanik, it was, sent you an email saying, you've now exhausted or something against Quinn. Why don't you, this was in February of 2018, why don't you dismiss and file a separate lawsuit and we'll move to consolidate them so you have jurisdiction? And your co-counsel responded, well, we'll just stipulate to jurisdiction and pointed to a Tenth Circuit case, but the Supreme Court said we can't accept stipulations to jurisdiction. Well, Judge, it was at the time, the law wasn't absolutely black and white at the time. We were concerned that if we would take such a move, that would prejudice our client in a certain way. Well, it was because in 1982, the Supreme Court said you can't stipulate to our jurisdiction. Well, you know, standing here, Your Honor, probably that's, you know, we do the research on everything we, before we answer the U.S. Attorney's Office, and also, that's probably what happened. That's probably what we researched, and maybe that's the reason why we never get, I can't stand here before you, Your Honor. Mr. Urbanik cited the cases as well. Okay, she did. In her email, she cites McNeill, which talks about what you're supposed to do and that you can't initiate the judicial process until you've exhausted, and she cites some of the others, including the Duplin case, which you both cited as sixth, but it's tenth, and it says a complaint cannot be cured through amendment, but instead, a plaintiff must file a new suit, and she's quoting. Well, again, Your Honor, with all due respect, I'm not going to take everything that the U.S. Attorney's Office says as true. But you could go read the cases. I mean, but she also said, I mean, she would be barred from asserting a lack of jurisdiction, it seems to me, if you follow the process that she proposed, and the process she proposed complies with the case law, which is you file a second complaint, noting the first complaint on the civil sheet. After it's filed, you submit a proposed order to consolidate the second case with the first, and then you dismiss count four of the first. And then she says you'll have jurisdiction, which is accurate. Some of the issues, Your Honor, was meeting the one statute of limitations to file, and then the FTCA claims statute of limitations. We have dueling statute of limitations. So at one time, we wanted to get the complaint in because we knew under Federal Rule of Civil Procedure 15, we would be able to date back to the actual amendment complaint if should we have to do that down the road. But you didn't need to, right? Because while you were pursuing exhaustion, it's equitably told. And so you said yourself you filed it four days before. So if you follow her process and file it, dismiss and file it on the day she says. Your Honor, standing here before you this morning, I don't even remember that email. In all sincerity. Okay. I really don't. I would love to, if you would give me the opportunity to brief on the issue of the email, because I absolutely do not remember that email. The government talks about it. It's at ECF number seven, and it's page ID 209. And it's ECF number 7-7. And it's from your email account, but it's by William Savage, just so you know. It's one of my associates, Your Honor. Okay. Go ahead. I'm sorry. I mean, standing here before you today, I don't even remember. This case went on for about four years. I really don't remember that part. There was tons of emails back and forth. Even Judge Kopp said this is the heaviest litigated case that I've seen in his 21 years practice. But I'm sorry. I can't answer that question. I'm sorry. I would love to, if Your Honor gives me the opportunity to follow up. I'm sure there was a very good reason why we did not do that, I can assure you. Because we spent a lot, a lot of time on the research on these issues, because there are so many of them. Okay. Go ahead. I'm sorry. Thank you. Do you have a favorite case that you're depending upon here in support of your position in this case? Judge, there are so many issues in this particular case. I understand. I would really have to ask for which issue. We have multiple issues that we've raised on appeal from the First Amendment on to the Fourth. I was talking mostly on the procedure here that you followed. Oh, on the procedure? Yes. I mean, you know, there's Duplin versus Harper. There was, if I may, there was a, there's multiple cases, Duplin. There's also Ellis versus Henson Natural Resources. There's also those primarily, Your Honor. And as to those cases that, if I may. Well, that's okay. Don't look for it, because you're about to run out of time if you haven't already. Yeah. Again, there's, I mean, even McNeil is not, I mean, Duplin versus Harper, I would have to say. Yes, Your Honor. I'm sorry. And I see that your red light is on. I know you saved seven minutes for rebuttal. I'll sit down. Thank you. If you would like to save it for rebuttal, that's fine. Mr. Toomey. Good morning, Your Honors. May it please the Court. I represent ICE Agent Mitchell Quinn and the United States on this appeal. Just to address some of your FTC questions. The original complaint that the estate filed clearly identified Agent Quinn as a federal agent who worked for ICE and added that that was a federal agency. And within the first 20 paragraphs of the original complaint initiating this case, it identified that Quinn, Eaton, and Fitzgerald were all working for a U.S. Marshals Task Force. So there was no question from the very outset of this case. Do you know if they ever exhausted against Eaton and Fitzgerald? So they wouldn't, a separate administrative claim against Eaton and Fitzgerald would not be necessary. You concede that. I suppose you could phrase it that way, but it's just never been construed that way. Under the circumstances of this case, and I'll explain, the estate asserted a tort claim against Agent Quinn, a federal agent, which is only cognizable under the FTCA and should be analyzed under the FTCA. Then the estate initiated the administrative process. The administrative tort claim requires very little information. It requires a sum certain. It requires a general outline of the claims. But more or less, it does not, the FTCA's administrative process does not really require a plaintiff to identify each individual allegedly negligent employee. As long as he identifies all the details underlying the claim. Right. And this is a wrongful death claim. It was, in the initial complaint, it was only a wrongful death claim. It provided enough facts that it would have been good against probably Eaton and Fitzgerald. It was certainly good against Quinn. The problem here is that between the estate's initiation of the administrative process and the time at which it became exhausted, the Attorney General submitted the Westfall certification, I believe you said it was October 13, 2018, which formally converted the claim into an FTCA claim. Now, under the FTCA, the only defendant is the United States, no matter how many employees are negligent. Right, but at the time they tried to exhaust, you concede that they were trying to exhaust against the claim, the one claim against all three. Right. In other words, okay. Right, and that would have been good. It would not have been necessary for the estate to then file a separate administrative claim naming different individuals. But why did you wait so long to certify Eaton and Fitzgerald? We certified because it appeared that the plaintiff was going to argue that even though the initial complaint asserted a tort claim against a federal agent, that he was going to argue that that was not an FTCA claim. And so we were going to move to dismiss that state law claim. That Westfall Act certification came attached to a motion to dismiss. And so we wanted to make absolutely sure that there was no question that plaintiff had initiated an FTCA claim before exhausting its administrative remedies. Okay, so I'd like to get to a different issue, which is why wasn't it sufficient for the plaintiffs, the estate, to amend their complaint after the administrative exhaustion occurred? Right. That's an excellent question. And the answer can be found in the precise language of the statute and in the McNeil case. The 28 U.S.C. 2675 is the FTCA's administrative exhaustion requirement. The language of that statute states, no action shall be instituted prior to a complete administrative exhaustion. Why shouldn't we view the filing of an amended complaint as instituting the proper action here? Because what you're requiring a person such as the estate to do is to file a second action instead of amending their complaint in the first action that's already been filed. And that seems to me to be a useless requirement that's a trap for the unwary and uninformed. Well, as the Supreme Court explained in McNeil with respect to this exact provision They weren't dealing with an amended complaint, were they? Right. So in this case, under the facts of this case, the estate filed a tort claim against a Federal agent that was converted to an FTCA claim before complete administrative exhaustion. In the administrative complaint, the estate asserted a tort claim against the United States under the FTCA. It was a claim that was already existing in the case. Under those circumstances, that claim, the estate's FTCA claim, relates back to the original complaint. Under Rule 15 and common law doctrines of relation back. If the claim relates back, it does not institute a new action. And that is the language of the statute and the language that the Supreme Court focused on in the McNeil case. But let's put it another way. Is there a case that says that if the administrative exhaustion occurs and is done and then an amended complaint occurs, that that cannot constitute instituting a new action? That you have to file a separate action? That seems to me to be a silly requirement. And so I'm looking for a case that supports your view that that is, in fact, the requirement. So that language, the Duplan v. Harper explained that is exactly the process that is required. The Duplan v. Harper case then went on to find that the government had waived that argument. But it did state that other courts had found that an amended complaint does not cure the jurisdictional defect. A separate suit must be filed because that's what the language of statute requires. My right. I'm sorry to interrupt. Is that a Tenth Circuit case? Yes, it is, Your Honor. Is there a Sixth Circuit case? There is no Sixth Circuit. Okay. And then related to this, I know you've been arguing that this is a jurisdictional matter, subject matter jurisdiction. How do you deal with the Koppen v. United States case of July 6th of this year, which said that another requirement, which was the some certain requirement, is not jurisdictional? Yes. The Koppen case is incorrect on that point. Yes, but it's binding law on this circuit. It's a published case. Because it conflicts with McNeil. It dealt with McNeil and said they were explaining in light of Arbaugh and other subsequent Supreme Court cases that this was not jurisdictional. Because McNeil is good law. The Koppen case ultimately distinguished McNeil basically because McNeil was too old, even though it's still good law. I would encourage this panel to follow McNeil and not the Koppen case. However, even if Koppen is binding on this court, that decision will not make any difference in this case. Because it said that even though 2675 is not jurisdictional, it is still a mandatory process. And if you apply the language of the statute in this case as mandatory, as the Koppen case says that you should and as the statute says or should be, no action shall be instituted before complete administrative exhaustion. This court should apply the plain language of the statute because there's no reason that the plaintiffs could not have complied with that requirement before filing suit. Certainly they could have done that. It's clear they could have done that. They filed an amended complaint instead of filing a second action. An amended complaint is not the institution of a new action under these circumstances because the claim that the estate was asserting in the amended complaint is identical to the claim that already existed in the case. So it was not the institution of a new action. It does not comply with the plain language of the statute or the way that the Supreme Court interpreted the action of this statute in McNeil. What plaintiffs are really arguing for is an equitable exception to this plain language. And now, as this court knows, equitable exceptions should not be freely given just because plaintiffs asked for them. They are exceptional remedies. They are required only if the plaintiff can demonstrate due diligence and an obstacle that prevented them from complying with the statute. Is there any harm to the United States in allowing an amended complaint here rather than a second action? And again, the McNeil case answers that question. Every premature suit imposes an unnecessary burden on the agency, on the Department of Justice, and the courts. The agency, the purpose of the administrative exhaustion requirement is to give the agency the chance to settle these claims. The vast majority of FTCA claims are settled in the administrative process. If a suit is pending, by statute, the agency does not have the authority to settle a claim. So while this suit was pending, because plaintiff refused to dismiss the case while he went back to the administrative process, the agency was never given a proper opportunity to settle this case. It completely defeated the purpose of the administrative exhaustion requirement, which even if the court doesn't believe it is jurisdictional, but it is, if you would construe that as mandatory, it completely defeated the purpose of the mandatory exhaustion requirement. Could you settle it immediately after the amended complaint was filed? I'm sorry? Well, so because the state's FTCA claim was never dismissed, it was always pending in federal court, only the U.S. Attorney's Office had the opportunity to settle. Only the U.S. Attorney's Office had the authority to engage in settlement negotiations, but because they had a jurisdictionally defective claim, there was no reason to settle that claim. As to the trap for the wary, is it right that the email laid all this out? Right. And the email was sent specifically after the estate exhausted its administrative remedies. So at precisely the time at which they could file a new suit, but before the estate's statute of limitations had run. So there's a six-month window after you exhaust and before the statute of limitations run, in which it was proper for the estate to file a new claim. We sent that email clearly describing the process at exactly the time when it would have been proper to do that in order to save the claim. And that is another reason why equitable tolling and equitable exception to the plain language of the statute would be inappropriate in this case. Thank you, Your Honors. Thank you. Ms. White. Good morning. Good morning. I represent Officers Eaton, Fitzgerald, the City of Detroit, and Chief Gray. With respect to, just briefly, I think everything's covered in our brief. Just very briefly. Plaintiff doesn't appeal the grand summary judgment on the excessive force evidence claim, but in any event, summary judgment should be affirmed. Officers Eaton and Fitzgerald are only liable for their own individual conduct, and it's clear that they have no duty or means to intervene. But in any event, the court really doesn't need to consider that issue. Plaintiffs do not, plaintiffs do not appeal it. The Spiegel claims, again, this is laid out in our brief. Officers Fitzgerald and Eaton reasonably believe that T.R.X. Kalam lived at the address on Evergreen, and an alternate basis for affirmance as to Officer Eaton would be that the exigent circumstances as laid out. And finally, as to the Monell claim, claims against the City and Chief Gray, it's abundantly clear that the alleged actions here were taken under color of federal law, not state, so 1983 dissent applied, and there is no indication that a policy or practice of the City of Detroit was in any way implicated or was the moving force behind any alleged violation here. So we ask that the court affirm a grand summary judgment as to the City of Detroit defendants. Any questions? Thank you. Thank you. Rebuttal, thank you. Thank you, Judge. Just real quickly, Judge, none of the cases against us cited by the government or the district court deal with these particular set of facts where an FTCA claim was never brought against these individuals. The United States was never defended in a particular matter. The claims that they cite, even Dunlap, which the council talks about, again, this was a situation where the court appeals affirmed that since Dunlap's exhausted their administrative remedies before filing the amended complaint, the district court had subject matter jurisdiction. In fact, Dunlap cites the United McNeil vs. Fiske United States allowing claim to serve amended complaint and thereby restore the action. So it appears that Dunlap helps us, not so much the government. But more importantly, it's important to remember even the district court judge was somewhat going back on these issues. Initially he denied their motion early on and basically said basically an amended complaint will literally serve as a new complaint to that extent. Can I ask you about Dunlap? Because I thought that said, and I'm quoting, a complaint can't be cured through amendment, but instead a plaintiff must file a new suit. So is that, am I reading that wrong? It's at page 1199. I don't have, Your Honor, the case before me here, but we have on our page 16, we cite Dunlap as well. We're talking about Duplan, is that right? Duplan, sorry. On page 17, I'm sorry. It says the court of appeals affirmed the whole, since the Duplans exhausted their administrative remedies before filing their amended complaint, the district court had subject matter jurisdiction over the Duplans FTCA claims. Okay. I have a question. If you had been able to keep these other individuals in the case, what claims would have been different from the one that was presented to the jury? I think the claims, we really never changed our claims as to these individuals for the estate or the family members of the estate. They've always been pretty much the same in the complaint or the second complaint, Your Honor. But the primary person that you were after was the one that was tried, right? The claim against him. He was the shooter, yes, Your Honor. Yes, Your Honor, absolutely. But there's a whole bunch of other violations of letting the individuals that started this all. But I want to take the rest of the time, please, to talk about the lower court judge sanctioning me for basically doing, in essence... I'm afraid that this is rebuttal. And you're only allowed to rebut things that your opponent has talked about. We monopolized his time on the Federal Tort Claims Act matter. And again, everything is pretty much in the briefs, Your Honor. I don't know if Your Honor still wants me considering... Mr. Tomei refreshed my memory that we did not because they substituted them, I believe, under the holding of Osborne v. Haley. According to the government, it's automatically once they're deputized, they're automatically substituted for the United States of America as defendants. That's why I believe why we didn't do the exhausting remedy at that time. But again, that's according to the government. So if Your Honor, would you still like me to submit? No, I'm sorry. Thank you, Judge. Thank you, Your Honor.